UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON G WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>SHANTEL KREBS OFFICE CAPACITY; SOS OFFICE; STATE OF SOUTH DAKOTA; and UNITED STATES;<br><br>Defendants. | CIV. 18-5010-JLV<br><br><br>ORDER |

Plaintiff Clayton G. Walker, appearing *pro se*, filed a complaint and an amended complaint. (Dockets 1 & 5). Mr. Walker now moves for leave to proceed *in forma pauperis* and provides the court his financial information. (Docket 3).

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant qualifies to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). This court finds Mr. Walker is indigent and grants his motion to proceed *in forma pauperis*.

Because Mr. Walker proceeds *in forma pauperis*, the court must screen his petition pursuant to 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court to *sua sponte* review a complaint filed with an *in forma pauperis* application to determine whether the action is frivolous, malicious, fails to state a claim or seeks monetary relief against a defendant or defendants who are immune from such relief.

Mr. Walker asserts federal jurisdiction based on: 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(3) and (4); 42 U.S.C. § 1983; <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971); 28 U.S.C. §§ 2201-2202; 28 U.S.C. § 1391(B); the Voting Rights Act of 1965; and the Ninth, Eleventh, Thirteenth, Fifteenth and Nineteenth Amendments. (Docket 5 at p. 1). Mr. Walker characterizes his claim against defendants as "[d]efamation of character of a libel civil wrong." <u>Id.</u> at p. 3. Mr. Walker further alleges "The [Secretary of State] is trying to get rid of the 3rd party here in SD." <u>Id.</u> Mr. Walker takes issue with the alleged statement of the website of the South Dakota Secretary of State indicating "Independent" is not a political

2

party in South Dakota. Id. Mr. Walker alleges he is a member of the Independent political party of South Dakota. Id. Mr. Walker seeks an order from this court determining whether Independent is a political party, granting declaratory and injunctive relief, granting money damages and declaring an emergency. Id. at p. 3.

In evaluating the amended complaint, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

In demonstrating subject matter jurisdiction, "it has been well-established . . . that the pleading will be read as a whole with any relevant specific allegations found in the body of the complaint taking precedent over the formal jurisdictional allegation . . . ." 5B Wright and Miller, Federal Practice and Procedure § 1350 at 187-88. "[A] mere assertion of a deprivation of a federal . . . right is not sufficient to sustain federal jurisdiction; conclusory statements unsupported by adequate factual allegations in the complaint will

3

not suffice." Stanturf v. Sipes, 335 F.2d 224, 229 (8th Cir. 1964); see Westley v. Hennepin Cty.-4TH Dist. Court, No. 0:17-CV-00103, 2017 WL 5957732, at *2 (D. Minn. May 2, 2017) (citing this holding from Stanturf); Malone v. Husker Auto Grp., Inc., No. 4:08CV3199, 2008 WL 5273670, at *4 (D. Neb. Dec. 17, 2008) (same). Although Mr. Walker generally asserts claims against defendants for violating his rights and committing libel and slander, the court finds no discernable basis for jurisdiction over the allegations in Mr. Walker's amended complaint. See Stanturf, 335 F.2d at 229. "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction . . . ." Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). Plaintiff does not meet this burden for any of the defendants.

Mr. Walker claims "[t]his court has jurisdiction because United States is a Defendant[.]" (Docket 5 at 1). The United States and its agencies are generally immune from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Brown v. United States, 151 F.3d 800, 803-04 (8th Cir. 1998). "Sovereign immunity is a jurisdictional issue . . . ." Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995). If the government "possess[es] sovereign immunity, then the district court [has] no jurisdiction to hear [plaintiff's claims]." Id. Mr. Walker fails to identify an applicable waiver of

4

sovereign immunity. See Walker v. Harmon, No. CIV. 15-5037, 2016 WL 5376185, at *2 (D.S.D. Sept. 26, 2016) (finding no sovereign immunity waiver in 28 U.S.C. § 1343 and 42 U.S.C. § 1983), aff'd, 689 Fed. Appx. 463 (8th Cir. 2017). Consequently, Mr. Walker naming the United States as a defendant fails to provide the court with jurisdiction. The court dismisses claims against the United States pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The State of South Dakota and its Secretary of State Office have Eleventh Amendment immunity and are not persons that could be sued under 42 U.S.C. § 1983. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state consents to suit or Congress abrogates the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Congress did not lift the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983, see Will, 491 U.S. at 66–67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979), and there is no indication South Dakota or its Secretary of State Office waived their immunity and consented to be sued in this case. The court dismisses claims against South Dakota and the Secretary of State Office pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In the case caption of Mr. Walker's amended complaint, he names Ms. Krebs, "office capacity[,]" which indicates he sues her in her official capacity. A suit against Ms. Krebs in her official capacity as the South Dakota Secretary of State is a suit against the Secretary of State Office, which is an entity of the State of South Dakota. See Johnson v. Bd. of Police Com'rs, 370 F. Supp. 2d 892, 898 (E.D. Mo. 2005) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). As the court explained above, the Eleventh Amendment bars that suit. See Morstad v. Dept. of Corrections & Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998) ("[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity."). The court dismisses claims against Ms. Krebs in her official capacity pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if Mr. Walker targeted Ms. Krebs in her individual capacity, his claims fail. In reviewing his allegations against Ms. Krebs, Mr. Walker fails to sufficiently articulate a claim. Despite the required liberal construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 Fed. Appx. 502, 504 (8th Cir. 2013). A complaint "does not need detailed factual allegations . . . [but it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Mr. Walker's amended

6

complaint fails to meet this standard.  Mr. Walker connects Ms. Krebs with statements on the Secretary of State website and claims she is attempting to "get rid of the 3rd party here in SD." (Docket 5 at 3).  But Mr. Walker does not explain how Ms. Krebs violated any of his rights.  He merely mentions various federal statutes and constitutional provisions, but he does not articulate how Ms. Krebs violated them.  The court is not required to "supply additional facts, nor will [it] construct a legal theory . . . that assumes facts that have not been pleaded." Stone, 364 F.3d at 914 (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).  To the extent Mr. Walker sues Ms. Krebs in her individual capacity, Mr. Walker fails to state a claim upon which relief may be granted and the claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      Mr. Walker fails to state a claim under Bivens, 403 U.S. at 388.  In Bivens, the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980).  But the United States does not waive its sovereign immunity for claims asserted against it in a Bivens action. Laswell v. Brown, 683 F.2d 261,268 (8th Cir. 1982).  Rather, Bivens provides a cause of action only against federal officials.  Id.  Mr. Walker does not sue a federal official.

7

Based on the above analysis, it is

ORDERED that Mr. Walker's motion to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that Mr. Walker's amended complaint (Docket 5) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Walker's motion for hearing (Docket 7) is denied as moot.

IT IS FURTHER ORDERED that Mr. Walker's motion for service (Docket 8) is denied as moot.

Dated May 8, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE